IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 21-cv-02639-MSK

JONATHAN ALEXANDER SNOW,

    Plaintiff,

v.

KILOLO KIJAKAZI, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## OPINION AND ORDER DISMISSING APPEAL

**THIS MATTER** comes before the Court *sua sponte*. On September 29, 2021, Mr. Snow commenced this action **(# 1)** *pro se*, appealing a decision by the Social Security Administration denying his application for Social Security Disability Insurance benefits. Mindful of the Mr. Snow's *pro se* status, the Court issued an Order on December 6, 2021 **(# 11)** specifically setting out the briefing deadlines established by D.C. Colo. L. Ap. R. 16.1(b)(1). That Order stated that "Mr. Snow's opening brief is due within 40 days of the date on which the Commissioner files the Administrative Record." The Commissioner filed the record on February 2, 2022, and thus, Mr. Snow's opening brief was due on or before March 14, 2022. Mr. Snow did not file his opening brief by that date, did not seek an extension of time to do so, nor otherwise made any further filings in the case, except as set forth below.

On April 26, 2022, this Court issued an Order to Show Cause **(# 16)**, reciting the foregoing facts and directing Mr. Snow to show cause why the appeal should not be dismissed. Mr. Snow filed a timely response **(# 17)** to that Order, explaining that he understood the Court's

1

December 6, 2021 Order to mean that "if I did not file an Opening Brief, [the Commissioner] would then have 70 days to file one of their own."[1]  He further stated that "via [his] own research," he had determined that "the Brief must be written in a specific format and include references to specific documents within my case transcript" and that he could not "find any guide or sufficient reference material pertaining to the specifics of that necessary format."  Thus, he intended to wait until the Commissioner filed her "response" brief, and then he would "use it as a reference to write my reply brief in the required and acceptable format."  Mr. Snow also stated that "the very disabilities that prevent me from gaining and sustaining employment have made seeking assistance in these matters impossible" and that "combing through google and contacting attorneys and free legal aid is something I simply am not capable of."[2]  He requested that the Court not dismiss the appeal and that he be given an extension of time to file his Opening Brief.

The Court is mindful that Mr. Snow's *pro se* status entitles him to liberal construction of his pleadings.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, his *pro se* status does not relieve him of the obligation to observe the same rules of procedure that are applicable to all litigants.  *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  The Court specifically advised Mr. Snow of the deadlines for filing his Opening Brief.  Mr. Snow does not assert that he was unaware of that deadline or of the Commissioner's filing of the Administrative Record.  Rather, Mr. Snow admits that he intentionally chose to not file an

---

[1]     70 days from the filing of the Administrative Record – the date on which the Commissioner's brief would have been due under Mr. Snow's ostensible reading of the December 26, 2021 Order – was April 13, 2022.  No brief was filed by that date, yet Mr. Snow did not take any further action to advance the case in the roughly two weeks that passed before the Court issued its Order to Show Cause.

[2]     Mr. Snow stated that his roommate sometimes assisted him in these matters in the past, but the roommate no longer had sufficient spare time to do so.

Opening Brief by his deadline, expecting that he would instead be allowed to wait for the Commissioner to file her brief and that he could then respond to that brief.  Although the Court understands Mr. Snow's lack of legal training, nothing in the Court's December 6, 2021 Order (or any other source identified by Mr. Snow) can reasonably be interpreted as authorizing Mr. Snow to proceed that way.³  Accordingly, the Court finds that Mr. Snow has not shown good cause for failing to file his Opening Brief as required.

       Mr. Snow's remaining arguments – that his disability prevents him from seeking legal advice or assistance regarding procedural rules or the "necessary format" that the Court would require for his briefing – does not mitigate the situation.  The Court accepts at face value Mr. Snow's representation that he suffers from anxiety that makes it difficult for him to reach out to others, but that situation does not entitle him to therefore interpret the Court's procedures and deadlines to his liking.  The record reflects that Mr. Snow can communicate effectively in writing when necessary to advance the litigation, such as responding to the Order to Show Cause and in communicating by e-mail with his opposing counsel.  *See Docket* # 15 n. 1.  To the extent that Mr. Snow was unsure as to how to proceed in this case, the record suggests that he could have reached out in writing to the Court, to opposing counsel, or to the *Pro Se* Clinic for clarification.

---

³    A September 9, 2021 Order **(# 3)** issued by Magistrate Judge Gallagher advised Mr. Snow of the availability of the Federal Pro Se Clinic to provide "possible assistance in this matter."

Accordingly, the Court finds that Mr. Snow failed to timely file his Opening Brief as required by D.C. Colo. L. Ap. R. 16.1(b).  Therefore, the Court **DISMISSES** his appeal.  The Clerk of the Court shall enter judgment in favor of the Commissioner and close this case.

Dated this 13th day of June, 2022.

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge